UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DUANE A. HINES, *on behalf of himself and
all others similarly situated*,

                                Plaintiff,

                v.

EQUIFAX INFORMATION SERVICES LLC,

                                Defendant.

-----------------------------------------------------------------x

**OPINION & ORDER**

19-CV-6701
(Kovner, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

      Plaintiff Duane A. Hines brings this class action against Defendant Equifax Information Services, LLC, seeking monetary, injunctive, and declaratory relief for alleged violations of the Fair Credit Reporting Act ("FCRA"), and the New York Fair Credit Reporting Act ("NYFCRA"). *See generally* Dkt. No. 1. After certification of two of Plaintiff's proposed subclasses (*see* Dkt. Nos. 48, 61), and after determination of a defined end date for Plaintiff's two certified subclasses (Text Order dated Oct. 11, 2024), the Court ordered the parties to file, by November 12, 2024, "proposed forms and schedules for providing notice to the certified classes." Text Order dated Oct. 11, 2024.

      Presently before this Court, on referral from the Honorable Rachel P. Kovner, is Plaintiff's request for approval of the proposed class notice and notice plan (Dkt. No. 64, 64-1); and Defendant's request to stay class notice until after the U.S. Court of Appeals for the Second Circuit has ruled on Defendant's pending Fed. R. Civ. P. 23(f) petition and any ensuing appeal has been resolved (Dkt. Nos. 65, 66).[1]

---

[1] Under 28 U.S.C. § 636(b)(1)(A), magistrate judges have authority over non-dispositive matters. *See Merida v. Stark*, No. 23-CV-2239 (MKB) (JAM), 2024 WL 48139, at *1 n.1 (E.D.N.Y. Jan. 4, 2024) (citing *Hobby Lobby Stores Inc. v. Obbink*, No. 21-CV-3113 (RPK) (MMH), 2023 WL 6214240, at *1 (E.D.N.Y.

For the reasons set forth below, the Court (1) approves in part and denies in part Plaintiff's proposed class notice and proposed notice plan; and (2) denies Defendant's request for a stay.

## I. Background

### A. Factual Background

"As 'one of the 'Big Three' [consumer] reporting agencies,' [Defendant] 'compiles personal and financial information about individual consumers to create consumer reports' and 'sells those consumer reports [also known as credit reports] for use by entities such as banks, landlords, and car dealerships [i.e., [Defendant's] customers] that request information about the creditworthiness of individual consumers.'" *Hines v. Equifax Info. Servs., LLC*, No. 19-CV-6701 (RPK) (RER), 2022 WL 2841909, at *1 (E.D.N.Y. July 16, 2022), *report and recommendation adopted as modified*, 2024 WL 4132333 (E.D.N.Y. Sept. 10, 2024) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 419 (2021)); *see also* Dkt. No. 1 at ¶ 7. "When [Defendant] prepares a consumer report (commonly called 'credit report') about a given person ('consumer' in credit reporting parlance), it includes a list of persons and companies who, in the two years prior to the date of the report, obtained a consumer report about the consumer who is the subject of the instant report, along with their address(es) and the date(s) on which they obtained a consumer report. Each such combination of name, address, and date is known as an 'inquiry.'" Dkt. No. 1 at ¶ 7.

---

Sept. 23, 2023)); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (holding that a magistrate judge "may issue orders regarding nondispositive pretrial matters").  Given that both the stay request and the class notice request involve non-dispositive issues, this Court has authority to issue the present opinion and order. *See, e.g., Lanzillotta v. GEICO Gen. Ins. Co.*, No. 19-CV-01465 (DLI) (JRC), 2024 WL 113784, at *1 (E.D.N.Y. Jan. 10, 2024) (granting motion, in part, for approval of the class notice and related procedures after the district judge certified a class pursuant to Fed. R. Civ. P. 23(b)(3)); *Dover v. Brit. Airways, PLC (UK)*, 323 F. Supp. 3d 338, 340 (E.D.N.Y. 2018) ("Since Judge Dearie has already certified the class in this matter, the motion for preliminary approval falls within this Court's authority over non-dispositive pretrial matters.").

There are two forms of inquiry associated with a consumer report: a "soft" inquiry, made "as part of an ongoing relationship between the inquirer and the consumer" which does not affect the individual consumer's credit score; and a "hard" inquiry, stemming from "a consumer-initiated application for credit," which often negatively impact credit score because "a consumer who makes multiple applications is considered a greater risk than a consumer who does not." *Hines*, 2022 WL 2841909, at *1; Dkt. No. 1 at ¶ 8.

In 2018, Plaintiff learned that Defendant was reporting "a hard inquiry by Capital Bank USA N.A. dated November 17, 2018," which Plaintiff alleges he neither authorized nor initiated. Dkt. No. 1 at ¶¶ 30-31. Plaintiff disputed the inquiry to Defendant, Capital One, and the Consumer Financial Protection Bureau "numerous times" from late 2018 through 2019, but each time Defendant refused to remove the inquiry. Dkt. No. 1 at ¶¶ 32-34. Plaintiff contends that Defendant disclosed the inquiry to his "potential and existing creditors on numerous occasions" despite not initiating or authorizing the inquiry. *Id.* at ¶ 44. Defendant eventually removed the inquiry "approximately four months after receiving Capital One's request and shortly after this suit was filed in November 2019." *Hines*, 2022 WL 2841909, at *4.

### B. Procedural History

On November 27, 2019, Plaintiff initiated the instant putative class action suit. *See generally* Dkt. No. 1. Plaintiff alleges five claims for relief, contending that Defendant violated the FRCA and NYFRCA when it failed to reinvestigate disputed inquires, contact the source of the disputed inquires, and maintain procedural safeguards protecting consumers from the unauthorized dissemination of consumer reports. *Id.* at ¶¶ 46-49, 60-74.

Plaintiff's complaint sought to represent one nationwide class and three claim-based subclasses arising from violations of the FRCA and the NYFRCA. *Id.* at ¶¶ 51-53. In particular,

3

Plaintiff's proposed class and subclasses consisted of: (1) a nationwide "FCRA Class" concerning "reinvestigation claims" under 15 U.S.C. § 1681i; (2) a "New York Subclass" for claims arising under the NYFCRA; (3) a "Capital One Subclass" concerning "'unreasonable procedures' and 'permissible purpose'" claims under 15 U.S.C. § 1681e(a); and (4) a "Post-Dispute Publication Subclass" for claims alleging "improper furnishing" under 15 U.S.C. § 1681b(c)(3). *Hines*, 2022 WL 2841909, at *5; *see* Dkt. No. 1 at ¶¶ 51-53. Plaintiff did not specify an end date for each proposed class; instead, Plaintiff asserted they should run "during the period beginning two years prior to the filing of this Complaint and continuing through the date of judgment." Dkt. No. 1 at ¶¶ 51-53.

On January 6, 2022, "[a]fter a number of discovery disputes, court interventions, and concomitant deadlines," Plaintiff moved to certify the classes and appoint class counsel. *Hines*, 2022 WL 2841909, at *5 (citing Dkt. No. 43-46).

On July 16, 2022, then-Magistrate Judge Reyes issued a report and recommendation to Judge Kovner, recommending that the Court grant Plaintiff's request for class certification of the New York Subclass and Capital One Subclass under Federal Rule of Civil Procedure 23(b)(3), deny Plaintiff's request for certification of the nationwide FCRA Class and the Post-Dispute Publication Subclass under Rule 23(b)(3), and deny Plaintiff's request to certify the New York Subclass under Rule 23(b)(2). *See Hines*, 2022 WL 2841909, at *28. Judge Reyes further recommended appointing Plaintiff as the class representative and Plaintiff's attorneys as class counsel. *Id.*

After Defendant's timely objection (Dkt. No. 53), Judge Kovner adopted Judge Reyes's report and recommendation on September 10, 2024, "with the exception that the subclasses must have a defined end date." *Hines*, 2024 WL 4132333, at *1.

4

On October 10, 2024, the parties stipulated to a September 10, 2024 end date for the certified classes. Dkt. No. 62. Thereafter, the Court, consistent with its adoption of Judge Reyes's report and recommendation, granted Plaintiff's motion in part. Text Order dates Oct. 11, 2024. The Court further ordered the parties "to submit to the Court within thirty days of [October 11, 2024] proposed forms and schedules for providing notice to the certified classes." *Id.*

On November 12, 2024, and as described further *infra*, Plaintiff filed the instant class notice proposal and proposed form of notice. *See generally* Dkt. Nos. 64, 64-1. Plaintiff seeks approval of its proposed class notice (Dkt. No. 64-1) and proposed notice plan (Dkt. No. 64), the latter of which, *inter alia*, requests that Defendant be ordered to "prepare a list of those individuals who meet the definitions of the New York Subclass and the Capital One Subclass" within 30 days of the Court approving Plaintiff's proposed class notice form and notice plan. Dkt. No. 64 at 1. Plaintiff proposes that the list contain each the subclass members' "full name, last known mailing address, email address, and social security number (for address updating/skip tracing)." *Id.*

On November 13, 2024, the Court referred approval of Plaintiff's class notice submissions to the undersigned. Text Order dated Nov. 11, 2024.

On November 19, 2024, Defendant responded to Plaintiff's proposed class notice and notice plan. *See generally* Dkt. No. 66. Defendant first requested "that the Court stay class notice until after the Second Circuit has ruled on its pending Rule 23(f) petition and any ensuing appeal has been resolved." *Id.* at 1 (citing *Equifax Information Services LLC v. Duane A. Hines*, No. 24-2520, Dkt. 1 (2d Cir. Sept. 24, 2024)). Defendant alternatively requested that its deadline to generate the class list should be extended from 30 days to eight weeks, and additionally proposed two modifications to the proposed class notice. Dkt. No. 66 at 2-3.

5

On November 26, 2024, the Court ordered Plaintiff to respond to Defendant's request for a stay by December 2, 2024.

On December 2, 2024, Plaintiff opposed Defendant's request to stay pending appeal. Dkt. No. 67. In the alternative, Plaintiff argued that he was "amenable to Defendant[] producing the class list within 7 days of the Second Circuit's denial of Defendant's rule 23(f) petition provided that the Second Circuit takes longer to rule than the 30-day period Plaintiff proposed in his notice plan." *Id*.

## II. Discussion

### A. Plaintiff's Proposed Forms and Schedules for Providing Notice to the Certified Classes

#### 1. Plaintiff's Proposed Class Notice

Pursuant to the Court's October 11, 2024 order, Plaintiff submitted his proposed class notice for the members of the New York Subclass and the Capital One Subclass. Dkt. Nos. 64, 64-1 (proposed class notice). Defendant does not object to the substance of the notice but seeks to modify "the final two paragraphs of the section titled 'What is this lawsuit about?'" Dkt. No. 66 at 2. As explained below, the Court approves Plaintiff's proposed class notice subject to the two modifications requested by Defendant.

The New York Subclass and the Capital One Subclass were certified under Fed. R. Civ. P. 23(b)(3). As set forth in Fed. R. Civ. P. 23(c)(2)(B),

> For any class certified under Rule 23(b)(3)--or upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)--the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;

      (ii) the definition of the class certified;
      (iii) the class claims, issues, or defenses;
      (iv) that a class member may enter an appearance through an attorney if the member so desires;
      (v) that the court will exclude from the class any member who requests exclusion;
      (vi) the time and manner for requesting exclusion; and
      (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Additionally, the Court must ensure that the notice "be scrupulous to respect judicial neutrality." *See Hoffman La-Roche v. Sperling*, 493 U.S. 165, 173 (1989); *see also Luxama v. Ironbound Express, Inc.*, No. 22-CV-2224 (MCV), 2022 WL 1773738, at *2 (D.N.J. June 1, 2022) ("In addition to being clear and concise, class notice must be neutral and avoid endorsing the merits of the claim"); *cf. Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982) (finding that class action settlement notice "accurately and neutrally describe[] the claims and parties in [the litigation]").

Plaintiff argues that its proposal (Dkt. No. 64-1) (i) explains the nature of the action against Defendant (*id.* at 2-3); (ii) defines both the New York Subclass and the Capital One Subclass (*id.* at 2); (iii) describes Plaintiff's federal and state claims, as well as Defendant's response to his allegations (*id.* at 4); (iv) explains that a class member may enter an appearance through an attorney if the member so desires (*id.* at 5-6); (v) describes the ability for class members to be excluded from the class if requested (*id.* at 4); (vi) explains the method, means, and deadline to request exclusion (*id.*); and (vii) notes that class members that opt-in to the class will be bound by all orders and judgments by the Court (*id.* at 4).

Defendant requests that the notice include two additional statements communicating its denial of liability under the relevant federal and state statutes and its challenge to the viability of the class action claims. *See* Dkt. No. 66 at 2. Specifically, Defendant seeks to add the following additions to the relevant paragraphs in the subsection titled "What is this lawsuit about?" within the section "Basic Information" (in the language shown in **bold**, below):

7

>Hines alleges that Equifax violated the New York Fair Credit Reporting Act ("NYFCRA") by failing to conduct a reasonable investigation of his dispute of an item of information in his credit file or, alternatively, by not removing the disputed item from his file. Plaintiff alleges that Defendant did the same thing with respect to other subclass members. The Court certified this legal claim on behalf of Hines and members of the New York Subclass. **Equifax denies that it violated the NYFCRA and asserts that this case should not proceed as a class action.**
>
>Plaintiff Hines alleges that Equifax violated the Fair Credit Reporting Act ("FCRA") by failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to specific, permissible purposes when it provided his credit report and the credit reports of other subclass members to Capital One. The Court certified this legal claim on behalf of Hines and members of the Capital One Subclass. **Equifax denies that it violated the FCRA and asserts that this case should not proceed as a class action.**

*Id.* at 2.

Given that nearly identical language is included elsewhere in the instant notice (*see* Dkt. No. 64-1 at 4 ("Equifax denied that it violated the New York Fair Credit Reporting Act or the federal Fair Credit Reporting Act and asserted that this case should not proceed as a class action")), and the interest the language serves in furthering neutrality, the Court finds no reason to reject Defendant's proposed edits. *See, e.g.*, *MacDougall v. Am. Honda Motor Co.*, No. SACV 17-1079 (JGB) (DFMX), 2024 WL 3468759, at *7 (C.D. Cal. Mar. 8, 2024) (approving the defendant's proposed modifications to the class notice that it denies liability to the class allegations); *Zeman v. Twitter, Inc.*, No. 23-CV-01786 (SI), 2024 WL 4032051, at *6 (N.D. Cal. Sept. 3, 2024) (same); *Mohamed v. Off Lease Only, Inc.*, No. 15-CV-23352 (MGC), 2018 WL 398326, at *3 (S.D. Fla. Jan. 12, 2018) (modifying class notice to include language that defendant denies liability as to all class action claims); *Luxama*, 2022 WL 1773738, at *3 (modifying proposed notice to accommodate "neutrality and integrity of the class notification process").

Accordingly, Plaintiff's class notice is approved subject to Defendant's modifications.

8

## 2. Plaintiff's Proposed Notice Plan

Plaintiff proposes that each subclass member be notified through email "when possible and otherwise by United States mail when [Defendant] does not possess an email address for a Subclass member and when emails sent are returned undeliverable." Dkt. No. 64 at 1. Plaintiff requests that Defendant be ordered to prepare a list of individuals meeting the definitions of the New York Class and Capital One Subclass within 30 days of Court approval of the proposed class notice form and plan. *Id*. Defendant objects to Plaintiff's proposal of 30 days to prepare the list, and instead requests eight weeks. Dkt. No. 66 at 2, *see also* Dkt. No. 65. For the following reasons, the Court will afford Defendant eight weeks to prepare its class list; the Court otherwise adopts the remaining portions of Plaintiff's proposed class notice.

As noted above, in actions brought under Federal Rule of Civil Procedure 23(b)(3), notice is mandatory and must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Proper notice is essential to actions arising out of Fed. R. Civ. 23(b)(3), as it serves as "an integral part of due process [and] must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them [a]n opportunity to present their objections.'" *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 568 (2d Cir. 1968) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *cf. Phillips Petrol. Co. v. Shutts*, 472 U.S. 797, 812 (1985) ("[W]e hold that due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court."); *see also* 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1786 (3d ed. 2024 Update) ("Notice is crucial to the entire scheme of Rule 23(b)(3)").

9

In objecting to Plaintiff's proposed 30-day window to prepare the class list, Defendant contends that facts and circumstances of this case pose "unique limitations that will require [Defendant] to make substantive adjustments to its data inquiries to generate class lists" from class lists already prepared in connection with a parallel matter currently pending in the Northern District of Georgia styled *Rivera v. Equifax Info. Servs., LLC*, No. 18-CV-4639 (AT) (CCB)(N.D. Ga.). Dkt. No. 66. Defendant asserts that unlike *Rivera*, the class definitions here "are not limited to just mailed in disputes," but rather "include all written disputes, which expands the classes to include those consumers who disputed online." *Id.* Additionally, the instant classes further pertain to "(1) New York consumers and (2) consumers who disputed hard inquiries made by Capital One." *Id.* Defendant argues that a total of eight weeks are needed to "redesign and test new search criteria"; "generate the lists"; and "review and validate the class lists." *Id.* Defendants notes that it can "leverag[e] the building blocks from *Rivera*," but that eight weeks are still needed given the volume of data being searched.

Allowing Defendant eight weeks to prepare its list would further the due process requirements underpinning Rule 23(b)(3). Although Defendant may have a foundation for "some of the groundwork needed to prepare the class list in this case [as] laid in *Rivera*" (Dkt. No. 66 at 2), the specific circumstances of the classes at issue warrant additional time to allow Defendant to adequately notify the potential members of the subclasses. Indeed, the twelve weeks Defendant was afforded to create its class list in *Rivera* bolsters the need to expand Plaintiff's proposal of effectively four weeks (30 days). *See Rivera*, 18-CV-4639 (N.D. Georgia), Dkt. No. 151. Accordingly, Defendant is permitted eight weeks to prepare the class lists in this case.

The Court adopts the remaining aspects of Plaintiff's proposed notice plan, to which Defendant does not contest. Dkt. No. 64 at 1-2; Dkt. No. 66 at 2; *see also Monzon v. 103W77*

10

*Partners, LLC*, No. 13-CV-5951 (AT), 2014 WL 6480557, at *5-*6 (S.D.N.Y. Oct. 15, 2014) (adopting similar class notice procedure); *Lanzillotta*, 2024 WL 113784, at *4-*5 (same); *Taqueria El Primo LLC v. Illinois Farmers Ins. Co.*, 630 F. Supp. 3d 1121, 1126-27 (D. Minn. 2022) (same); *Minter v. Wells Fargo Bank, N.A.*, 283 F.R.D. 268, 275 n.11 (D. Md. 2012) (allowing the use of social security numbers to locate and identify class members and collecting cases).

### B.  Defendant's Request to Stay

Defendant requests the Court "to stay class notice until after the Second Circuit has ruled on its pending Rule 23(f) petition and any ensuing appeals has been resolved." Dkt. No. 66 at 1. Plaintiff opposes Defendant's request. Dkt. No. 67.

Under Federal Rule of Civil Procedure 23(f), "[a] court of appeals may permit an appeal from an order granting or denying class-action certification under this rule[.]" Fed. R. Civ. P. 23(f). The Rule "authorizes federal courts of appeals to hear interlocutory appeals from adverse class certification orders in their sole discretion." *Pryce v. Progressive Cas. Ins. Co.*, No. 19-CV-1467 (RJD) (RER), 2022 WL 2467013, at *1 (E.D.N.Y. June 10, 2022) (citing *Microsoft Corp. v. Baker*, 582 U.S. 23, 32 (2017)). "An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f); *Pryce*, 2022 WL 2467013, at *1; *In re Petrobras Sec.*, 193 F. Supp. 3d 313, 315 (S.D.N.Y. 2016).

The well-established standard governing requests to stay pending a Rule 23(f) appeal reflects those traditionally used for requests of injunctive relief, requiring consideration of four factors:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*S.E.C. v. Citigroup Glob. Markets Inc.*, 673 F.3d 158, 162 (2d Cir. 2012); *see also In re Elec. Books Antitrust Litig.*, No. 11-MD-2293 (DLC), 2014 WL 1641699, at *4 (S.D.N.Y. Apr. 24, 2014) (articulating same standard); *Pryce*, 2022 WL 2467013, at *1 (same). "The first two factors are most important." *LaCour v. Colgate-Palmolive Co.*, No. 16-CV-8364 (KMW), 2021 WL 3542295, at *2 (S.D.N.Y. Aug. 10, 2021) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The party requesting the stay "bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433-34.

Here, Defendant requests a stay of the issuance of class notice pending appeal, but does not address or articulate the relevant factors a court considers when making such a determination. *See generally* Dkt. No. 66. The conclusory nature of Defendant's arguments alone are sufficient grounds to deny the requested stay. *See In re Elec. Books Antitrust Litig.*, 2014 WL 1641699, at *13 (denying request for Rule 23(f) stay pending appeal because the movant pointed "to no authority suggesting that a court is empowered to enter a stay where the four-factor standard is not met"); *Owino v. CoreCivic, Inc.*, No. 17-CV-1112 (JLS) (NLS), 2021 WL 3186500, at *2-*6 (S.D. Cal. July 28, 2021) (denying specific stay of discovery because movant did not address and show each factor weighed in favor of a stay, but granting stay in part because the plaintiffs consented to certain requests); *cf. Cambria Cap., LLC v. Fusaro*, No. 22-CV-00428 (DBB) (JCB), 2022 WL 875923, at *3 (D. Utah Mar. 24, 2022) (denying request for injunctive relief that did not address the relevant factors). Thus, Defendant's request to stay class notice pending resolution of the Rule 23(f) petition is denied.

But even if the Court considers the traditional factors, there is no basis to grant a stay. Concerning the first factor—the likelihood of success on appeal—the Second Circuit has implicated two scenarios in which interlocutory review under Rule 23(f) may be warranted: (1)

12

where a "class certification order effectively terminates the litigation either because the denial of certification makes the pursuit of individual claims prohibitively expensive or because the grant of certification forces the defendants to settle"; and (2) where "the class certification order implicates an unresolved legal issue concerning class actions." *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 138 (2d Cir. 2001); *Weber v. United States*, 484 F.3d 154, 159-60 (2d Cir. 2007) (articulating standard).

      Defendant has not shown that allowing the instant litigation to proceed absent a stay would effectively terminate the litigation. Defendant has not claimed that the costs of any curative class notice, provided its appeal be successful, would hamstring its efforts to defend the action. Nor does the instant suit seem to pose any complex, novel, or unresolved legal issues to which the Second Circuit might take the opportunity to develop class action case law in this Circuit. *See Sumitomo*, 262 F.3d at 138 ("we agree with the other circuits that have discussed Rule 23(f) that a novel legal question will not compel immediate review unless it is of fundamental importance to the development of the law of class actions and it is likely to escape effective review after entry of final judgment" (citation omitted)). At bottom, Defendant has not demonstrated a sufficient probability that the Court's previous order of class certification was made in error. *Id.* at 140 ("a stay will not issue unless the likelihood of error on the part of the district court tips the balance of hardships in favor of the party seeking the stay"). Defendant thus has not shown that its appeal will meet the standards of Rule 23(f)—one this Circuit has recognized "will rarely be met." *See id.*; *Pryce*, 2022 WL 2467013, at *1.

      Turning next to the second factor of irreparable harm, a movant must show that the proffered harm is not merely possible, but rather imminent and likely to be suffered absent equitable relief. *See JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990). Courts

13

have consistently found that "a movant is not irreparably harmed by the prospect of litigation costs, even if substantial." *Pryce*, 2022 WL 2467013, at *2 (citing *Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 234 (S.D.N.Y. 2016)); *Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-CV-1590 (LTS) (HBP), 2014 WL 113702, at *7 (S.D.N.Y. Jan. 13, 2014) ("Irreparable harm is injury so serious that a monetary award cannot adequately compensate for it." (citing *Citibank N.A. v. Citytrust*, 756 F.2d 273, 275 (2d Cir. 1985))). Here, should Defendant prevail on appeal, the proposed harm can be cured by a second notice to the classes as well as costs associated with prevailing in the litigation. Thus, Defendant has not made the requisite showing of irreparable harm absent a stay.

Under factors three and four, the Court must consider whether granting a stay will substantially injure other interested parties and where the public interest lies. *Citigroup Glob. Markets Inc.*, 673 F.3d at 162. Defendant claims that allowing the litigation to continue could lead to confusion, arguing that "district courts regularly stay class notice while Rule 23(f) petitions are pending, recognizing that 'proceeding with class notice while the Rule 23(f) petition is pending could lead to confusion among the public and the absent class members.'" Dkt. No. 66 at 1 (citing *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94 (D.D.C. 2012)).[2]

---

[2] Defendant's proposition stems from case law invoking Section 21.28 of the Manual for Complex Litigation. *See* Federal Judicial Center, Manual for Complex Litigation § 21.28, at 284 n.873 (4th ed. 2004); *see also In re Rail Freight*, 286 F.R.D. at 94 (citing the Manual for Complex Litigation § 21.28 in granting a stay of class notice despite the other factors weighing against injunctive). But as noted *in In re Elec. Books Antitrust Litig.*, No. 11-MD-2293 (DLC), 2014 WL 1641699 (S.D.N.Y. Apr. 24, 2014), the authority supporting that articulation in the Manual stems only from a single citation to *Ramirez v. DeCoster*, 203 F.R.D. 30, 40 (D. Me. 2001), which is inapposite here. *See In re Elec. Books Antitrust Litig.*, 2014 WL 1641699, at *12 ("[*Ramirez* is] an aberrational case in which—unbeknownst to the court—the parties entered a settlement agreement as to all claims just before the court entered a ruling denying class certification on a number of claims. The court then considered certification of a settlement class, affirmatively "urg[ing] the Court of Appeals to accept an appeal under Rule 23(f)," making repeated references to possible reversal by the Court of Appeals and even considering, at length, the ramifications of such a reversal. In that context, the court entered a stay to be triggered by filing of a Rule 23(f) petition"); *see also* Manual for Complex Litigation § 21.28, at 284 n.873. Moreover, the Manual nonetheless recognizes that "'[i]nterlocutory appeals can disrupt and delay the litigation without necessarily changing

14

Here, Defendant has not demonstrated any probability of error in the Court's previous class certification that might warrant a stay of the instant class notification. Rather, granting the request would prolong the litigation—commenced over five years ago—and further delay possible recovery by Plaintiff and the class members should their claims be meritorious. Under the third and fourth factors in the stay analysis, such considerations weigh against granting Defendant's request. *See Pryce*, 2022 WL 2467013, at *3 ("Class members have a valid interest in the prompt resolution of the case"); *see also Sumitomo*, 262 F.3d at 140 ("we note that parties should not view Rule 23(f) as a vehicle to delay proceedings in the district court"); *In re Elec. Books Antitrust Litig.*, 2014 WL 1641699, at *12 ("class members have a strong interest in being fully compensated for any losses they have suffered. Likewise, the public interest favors a speedy trial and resolution of this matter").

Defendant's request to stay class notification is therefore denied.

### III. Conclusion

Accordingly, for the foregoing reasons, Plaintiff's proposed class notice is approved in part and denied in part. Plaintiff shall file the amended class notice within 7 days of the Court's order. Further, as discussed above, the Court approves of Plaintiff's following notice plan (*see* Dkt. No. 64 at 1-2), as modified:

> 1. Following the filing of the amended class notice, Plaintiff shall retain the services of a competent and experienced class action notice administrator to prepare and publish a notice website that will include information found in the class notice as well as relevant litigation documents such as the parties' pleadings and the Court's Order concerning class certification.

---

the outcome of what are often familiar and almost routine issues' and states that '[g]ranting a stay depends . . . on a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the cost of waiting.'" *In re Elec. Books Antitrust Litig.*, 2014 WL 1641699, at *12 (quoting Manual for Complex Litigation § 21.28, at 283).

    2. Defendant shall—within 8 weeks of the adopted order—prepare a list of those individuals who meet the definitions of the New York Subclass and the Capital One Subclass, as set forth in Judge Reyes's Report and Recommendation of July 16, 2022, Dkt. Nos. 48, 49, and as amended by this Court's Order of October 11, 2024 setting a class period end date of September 10, 2024.  To the extent the following items of information are available to Defendant, the list shall include each Subclass member's full name, last known mailing address, and email address.

    3. Within 30 days of receiving the class list from Defendant, the notice administrator shall send the approved class notice by email to the members of each subclass when possible and otherwise by United States mail when Defendant does not possess an email address for a subclass member and when emails sent are returned undeliverable.

    4. Members of the each of the subclasses shall have 30 days from the date on which the notice administrator sends notice in which to request exclusion from this case by submitting an opt-out request to the notice administrator.  The specific deadline for exclusion requests will be included in the final class notice.

  Additionally, as discussed above, Defendant's request for a stay is denied.  The parties shall file a joint status report by December 20, 2024.

Dated: Brooklyn, New York    **SO ORDERED.**
    December 2, 2024

                   *s/ Joseph A. Marutollo*
                   JOSEPH A. MARUTOLLO
                   United States Magistrate Judge